# Third District Court of Appeal

## State of Florida

Opinion filed November 22, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-672
Lower Tribunal No. 13-34723
_____


**Christophe Vuillermin, etc.,**
Appellant,

vs.

**Mitsubishi Electric Europe BV,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Joel M. Aresty (Tierra Verde), for appellant.

EPGD Attorneys at Law and Oscar A. Gomez, for appellee.


Before ROTHENBERG, C.J., and SALTER and FERNANDEZ, JJ.

SALTER, J.

Christophe Vuillermin, a/k/a "Andre Martin," a/k/a "John A. Smith," appeals two orders[1] granting recognition and enforcement of a foreign (French) money judgment against him pursuant to Florida's Uniform Out-of-country Foreign

Money-Judgment Act," sections 55.601-.607, Florida Statutes (2017) (the "Act"). The creditor seeking recognition and enforcement of the French judgment against Vuillermin is the appellee, Mitsubishi Electric Europe B.V. ("Mitsubishi").

Vuillermin, a French citizen, was charged with, and convicted of, multiple counts of criminal fraud in France. The District Court of Paris, France, found Vuillermin guilty of financial crimes committed against Mitsubishi and other victims between 1995 and 1997 under the false name of "Andre Martin." As a corollary to the criminal charges, and as permitted by the French procedural code, Mitsubishi sued Vuillermin for civil damages based on the fraud. In the criminal case, Vuillermin was sentenced to prison and probation. He absconded after completing his prison term.

In the civil action, the French court entered a judgment against Vuillermin in

---

[1] A Florida circuit court order of March 10, 2017, granted recognition and enforcement with respect to a French money judgment in favor of the appellee issued in May 2006. An order entered by the same court two weeks later denied Mr.
Vuillermin's "Amended Motion for New Trial and Rehearing and Amendments of Judgment and for Relief from Judgment, Decree, or Order re Order Granting Enforcment of Judgment and Overruling Respondent's Objections to Recognition."

2006, in the amount of 237,438.11 Euros. Mitsubishi then began garnishment proceedings in France. Vuillermin objected to the garnishment solely on the grounds that he was not given notice of the rendition of the 2006 judgment. Vuillermin did not assert lack of personal service. The French court upheld the validity of the judgment and the garnishment, finding that Vuillermin had fled the jurisdiction to avoid prosecution and had not provided a current, valid address for notice. Under

French procedure, this also supported the judgment without further personal service. Vuillermin appealed the garnishment, but the French court of appeals rejected his objections and affirmed the garnishment judgment.

In 2013, Mitsubishi began proceedings to domesticate the French judgment in the Miami-Dade Circuit Court, filing the affidavit and following the procedure specified in the Act. Vuillermin objected and argued that he was not personally served with process in France, making the French judgment unenforceable. Mitsubishi's response to the objections appended the documents in the French proceedings. The objections were set for a hearing, at which Vuillermin's attorney did not appear. Mitsubishi styled the next notice as a non-evidentiary, show cause hearing. Vuillermin did not object or serve a written request for an evidentiary hearing. After the hearing, the Florida court denied Vuillermin's motion for new trial and for rehearing. This appeal followed.

3

<u>Analysis</u>

The French judgment meets the criteria for recognition under section 55.604 of the Act. Contrary to Vuillermin's argument, the foreign judgment does not fall within any of the limited and enumerated grounds for non-recognition specified in section 55.605 of the Act. Vuillermin may not avoid the foreign judgment based on lack of personal service; he failed to raise the issue initially in the foreign court of competent jurisdiction,[2] and the foreign court authorized garnishment of the judgment in that jurisdiction despite his (unsuccessful) appearance to object to such enforcement. Moreover, a French judgment need not be refused recognition because it was based on a default. <u>See</u> <u>Chabert v. Bacquie</u>, 694 So. 2d 805, 815 (Fla. 4th DCA 1997).

Vuillermin's reference to his open and obvious residence in Florida does not alter his status in France as a French national who absconded from the jurisdiction. The record is devoid of any proffer by Vuillermin of a pleading seeking to vacate the French court's findings on that point, or establishing any basis under the Act for non-recognition.

Affirmed.

---

[2] Under the French procedural rules, that argument was not available to him because he had fled the jurisdiction.